IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WALTER V. RODENHURST, III, # A0137543, | ) ) ) | CIV. NO. 08-00396 SOM-LEK |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO |
| vs. | ) ) | TRANSFER VENUE AND STAY PROCEEDINGS |
| STATE OF HAWAII, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO
TRANSFER VENUE AND STAY PROCEEDINGS**

Before the court is Defendants Corrections Corporation of America ("CCA"), D. Swenson, Jody Bradley, Ben Griego, John Keesling, Lane Blair, Anastacio Perez, Phyllis Hansen, Dianne Pierson, Diane Duffy, Patricia Sells, Dr. Muhammed Haleem, Todd Thomas, Kay Bauman, M.D., and the State of Hawaii's (collectively "Defendants") Motion to Transfer and for Stay, filed December 1, 2008 ("Motion").[1]  (Doc. Nos. 95 & 96.)  This proceeding has been referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and 636(b)(3) and Rule LR72.4 of the Local Rules of Practice of the United States District Court for the District of Hawaii.  Pursuant to Rule LR7.2, the court decides this Motion without a hearing.  For the following reasons, the court **FINDS**: (1) that venue in Hawaii is proper; (2) that the convenience of

_____

[1] Defendants State of Hawaii and Kay Bauman, M.D., joined Defendants CCA, Swenson, Bradley, Griego, Keesling, Blair, Perez, Hansen, Pierson, Duffy, Sells, Haleem, and Thomas' Motion to Transfer and Stay.  (Doc. No. 96.)

the parties is not served by transfer of venue to Arizona; and
(3) that a stay of proceedings is unwarranted.  This court
**RECOMMENDS** that Defendants' Motion be **DENIED**.

## BACKGROUND

On September 3, 2008, pro se Plaintiff Walter V.
Rodenhurst, III, a Hawaii prisoner incarcerated at Saguaro
Correctional Center ("SCC") in Eloy, Arizona, brought this
prisoner civil rights action pursuant to 42 U.S.C. § 1983.[2]
Plaintiff is proceeding in forma pauperis.  (Doc. No. 4.)  The
gravamen of Plaintiff's Complaint is that Defendants violated his
Eighth and Fourteenth Amendment rights when they failed to
provide him with adequate medical care.  Plaintiff seeks monetary
and injunctive relief.

Plaintiff sets forth that between December 16, 2002,
and January 23, 2003, he was hospitalized at Kuakini Medical
Center for treatment of gall stones and pancreatitis.  Plaintiff
complains: (1) that Defendants failed to provide Plaintiff with
timely and sufficient medical treatment prior to his
hospitalization between December 4, 2002, and December 16, 2002;
(2) that since Plaintiff's hospitalization, Defendants have not

---

[2] Although Plaintiff is presently incarcerated at SCC in
Eloy, Arizona, the allegations in his Complaint also include acts
or omissions that allegedly occurred while he was incarcerated
at: (1) Oahu Community Correctional Center ("OCCC") in Honolulu,
Hawaii; (2) Halawa Correctional Facility ("HCF") in Aiea, Hawaii;
and (3) Diamondback Correctional Facility ("DCF") in Watonga,
Oklahoma.

accommodated Plaintiff's medical needs because they have failed to consistently provide Plaintiff with a low-fat diet pursuant to his physician's post-operative instructions; (3) that Defendants acted with deliberate indifference when they transferred him from HCF to DCF in Watonga, Oklahoma, on or about April 18, 2006; (4) that Defendants failed to provide Plaintiff with adequate medical treatment while he was incarcerated at DCF; and (5) that Defendants have failed to provide P;aintiff with adequate medical treatment at SCF in Eloy, Arizona.  Plaintiff also alleges violations of state tort law.

**LEGAL STANDARD**

**A.   28 U.S.C. § 1391(b).**

A civil action not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in, "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or(3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

**B.   28 U.S.C. § 1404(a).**

A motion to transfer venue pursuant to 28 U.S.C.

3

§ 1404(a) should be granted only where the defendant "make[s] a strong showing of inconvenience to warrant upsetting the Plaintiff's choice of forum." <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986).

**DISCUSSION**

Defendants argue that venue in Hawaii is improper because: (1) not all of the Defendants reside in Hawaii; and (2) Plaintiff's claims against fifteen Hawaii Defendants are barred by the applicable statute of limitations and his remaining claims concern alleged conduct that occurred in Oklahoma or Arizona.

Alternatively, Defendants argue that, even if venue in Hawaii is proper, the court should transfer venue to Arizona for the convenience of the parties pursuant to 28 U.S.C. § 1404(a). Defendants also request that the court issue a stay of proceedings so that Defendants may file a responsive pleading to Plaintiff's Complaint following disposition of this Motion.  The court considers Defendants' arguments in turn.

**A.   Venue in Hawaii Is Proper.**

Defendants correctly state that not all Defendants reside in Hawaii.  Plaintiff admits that ten Defendants reside in Arizona, five reside in Oklahoma, and the remaining seventeen Defendants reside in Hawaii.

Defendants second argument, that venue in Hawaii is improper because a substantial part of the events or omissions

4

giving rise to Plaintiff's claims did not occur in Hawaii because Plaintiff's claims against several Hawaii Defendants are time-barred, is insufficient.

An affirmative statute of limitations defense must be asserted in a responsive pleading if one is required.  See Fed. R. Civ. P. 12(b).  In addition, "[a] statute of limitations defense may be raised by a motion to dismiss if the running of the limitation period is apparent on the face of the complaint."  Vaughan v. Grijalva, 927 F.2d 476 (9th Cir. 1991).  Where a defendant has not waived the statute of limitations issue, the district court may dismiss the case on timeliness grounds even if the issue is not raised in a motion before the court.  See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 686-87 (9th Cir. 1993).  The court must, however, give effect to a state's tolling provisions and law, including provisions regarding equitable tolling, except to the extent any of these laws conflicts with federal law.  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)).  The Ninth Circuit Court of Appeals holds that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."  Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005) (citations omitted).

Although Defendants baldly conclude that Plaintiff's claims are time-barred, Defendants have not yet filed a

responsive pleading asserting the statute of limitations defense nor have Defendants moved the court to dismiss said claims or any Hawaii Defendants.  Plaintiff's claims against all seventeen Hawaii Defendants, therefore, remain at issue.  In addition, as the court must give effect to a state's tolling provisions and law as well as federal tolling provisions, this court has insufficient information to sua sponte determine the timeliness of Plaintiff's claims against any Hawaii Defendant. Accordingly, this court **FINDS** that a substantial part of the events or omissions giving rise to Plaintiff's pending claims occurred in Hawaii and that venue in Hawaii is proper.  This court **RECOMMENDS** that Defendants' Motion to transfer for improper venue be **DENIED**.

### B.   The Convenience of the Parties Is Not Served by Transfer of Venue.

28 U.S.C. § 1404(a) provides: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In determining whether the convenience of the parties and the interest of justice require a transfer of venue, the Ninth Circuit has articulated several factors that the district court may consider, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most

6

> familiar with the governing law, (3) the plaintiff's
> choice of forum, (4) the respective parties' contacts
> with the forum, (5) the contacts relating to the
> plaintiff's cause of action in the chosen forum, (6)
> the differences in the costs of litigation in the two
> forums, (7) the availability of compulsory process to
> compel attendance of unwilling non-party witnesses, and
> (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir.

2000). Further, "the relevant public policy of the forum state,

if any, is at least as significant a factor in the § 1404(a)

balancing." Id. at 499.

"Weighing of the factors for and against transfer

involves subtle considerations and is best left to the discretion

of the trial judge." Commodity Futures Trading Comm. v. Savage,

611 F.2d 270, 279 (9th Cir. 1979); see also Jones, 211 F.3d at

498 ("[T]he district court has discretion to adjudicate motions

for transfer according to an individualized, case-by-case

consideration of convenience and fairness." (quotations

omitted)).

Defendants argue that, even if venue in Hawaii is

proper, the court should transfer venue to Arizona for the

convenience of the parties pursuant to 28 U.S.C. § 1404(a).

Defendants rest their argument almost exclusively on the

presumption that Plaintiff's claims against several Hawaii

Defendants are time-barred. As noted, however, Defendants have

not asserted an affirmative statute of limitations defense nor

have they moved this court to dismiss said claims or any Hawaii

7

Defendants.  Moreover, this court has insufficient information to determine the timeliness of Plaintiff's claims against any Hawaii Defendant.  Plaintiff's claims against all seventeen Hawaii Defendants, therefore, remain at issue.  As such, Defendants have not made a strong showing of inconvenience to warrant upsetting the Plaintiff's choice of forum.  Accordingly, the court **FINDS** that, at this point, the convenience of the parties is not served by transfer of venue to Arizona.  The court **RECOMMENDS** that Defendants' Motion to transfer venue pursuant to 28 U.S.C. § 1404(a), be **DENIED**.

### CONCLUSION

This court **FINDS**: (1) that a substantial part of the events or omissions giving rise to Plaintiff's present claims occurred in Hawaii and that venue in Hawaii is proper; and (2) that, at this time, the convenience of the parties is not served by transfer of venue to Arizona.  The court, therefore, **RECOMMENDS**, that Defendants' Motion be **DENIED**.  In addition, the court **FINDS** that a stay of proceedings is unwarranted and **RECOMMENDS** that Defendants' request for same be **DENIED**.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, January 5, 2009.



     /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

Rodenhurst v. State of Hawaii, et al., Civ. No. 08-00396 SOM-LEK; FINDINGS AND RECOMMENDATION TO DENY MOTION TO TRANSFER AND STAY; prose attorneys\F&R\hmg\2008\Rodenhurst 08-396 (F&R dny mot to trnsf and stay)