```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF HAWAII

WALTER V. RODENHURST, III,    )    CIV. NO. 08-00396 SOM-LEK
# A0137543,                   )
                              )
        Plaintiff,            )    ORDER TO SHOW CAUSE
                              )
           vs.                )
                              )
STATE OF HAWAII, et al.,      )
                              )
        Defendants.           )
_____)
```

**ORDER TO SHOW CAUSE**

On September 3, 2008, pro se Plaintiff Walter V. Rodenhurst, III ("Plaintiff"), a Hawaii prisoner incarcerated at Saguaro Correctional Center ("SCC") in Eloy, Arizona, brought this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis*. (Doc. No. 4.)

Plaintiff names thirty-four Defendants in their individual and official capacities as well as John and/or Jane Does 1-10. The gravamen of Plaintiff's Complaint is that Defendants violated his Eighth Amendment rights when they failed to provide him with adequate medical treatment including a prescribed medical diet. Plaintiff states that, between December 16, 2002, and January 23, 2003, he was hospitalized at Kuakini Medical Center for treatment of gallstones and pancreatitis. Following his discharge from the hospital, Plaintiff was placed on a special low-fat diet for chronic pancreatitis. Plaintiff complains that, although prison officials initially complied with

the prescribed diet, after he was transferred to SCC in 2007, he was taken off the low-fat diet.

On December 18, 2008, Plaintiff filed a Motion for Injunctive Relief and/or Release from Custody ("Motion"), to prevent Defendants from allegedly denying Plaintiff necessary medical treatment and access to a prescribed therapeutic diet. Plaintiff seeks release from custody, transfer to a different facility, or an order requiring Defendants to provide Plaintiff with his prescribed medical treatment.

On January 6, 2008, the Corrections Corporation of America ("CCA"), D. Swenson, J. Bradley, B. Griego, Lee Ann Archuleta, V. Vantel, Keesling, Giang Phan, M.D., Patricia Sells, R.N., Muhammed Haleem, R.N., and T. Thomas(collectively "CCA Defendants") filed an Opposition to Plaintiff's Motion.  CCA Defendants state that prison medical staff have determined that Plaintiff no longer suffers from chronic pancreatitis.  CCA Defendants also state that SCC medical personnel have recommended that Plaintiff undergo definitive diagnostic testing, but that Plaintiff has refused to take said tests.  In support of their Opposition, CCA Defendants refer directly to Plaintiff's medical records as well as a signed affidavit from Muhammed A. Haleem, M.D., Plaintiff's treating physician at SCC.

After reviewing CCA Defendants' Opposition in its entirety, the court is concerned that Plaintiff's Complaint

appears not to state a claim.  Plaintiff is directed to file a brief as to why this court should not dismiss this case.

The court recognizes that a public entity violates the Eighth Amendment if it fails to address the medical needs of incarcerated individuals.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*).  "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment."  *Estelle*, 429 U.S. at 102.[1]  "A medical need is serious if the failure to treat the prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  *Dickey v. Vargo*, 2004 WL 825624, at *2 (D. Or. Feb. 27, 2004) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (further citations omitted)).  However,

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must

---

[1] For purposes of the Eighth Amendment, serious medical needs include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."  *Lopez*, 203 F.3d at 1131.

>       allege acts or omissions sufficiently harmful
>       to evidence deliberate indifference to
>       serious medical needs.  It is only such
>       indifference that can offend "evolving
>       standards of decency" in violation of the
>       Eighth Amendment.

*Estelle*, 429 U.S. at 106; *accord Lopez*, 203 F.3d at 1131.

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  To establish that a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health."  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *see also Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992) (stating that prisoner may demonstrate deliberate indifference if prison officials relied on the contrary opinion of a non-treating physician).

In deciding whether there has been deliberate indifference to Rodenhurst's serious medical needs, this court is not required to defer to the judgment of prison doctors or administrators.  *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989); *Nelson v. Locke*, 2005 WL 1030207, *6 (E.D. Wash. May 2, 2005).  The Ninth Circuit, however, has recognized that a "difference of opinion between a prisoner-patient and prison

medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. State of Or., State Welfare Division*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff's Complaint provides a lengthy factual description of the medical treatment he received between 2002 and the present.  Plaintiff's Complaint suggests that he consistently received medical attention to address his pancreatic condition, but that, recently, the treatment has not conformed to what Plaintiff believes he should receive, namely a strict low-fat diet.[2]  This is insufficient to state a claim under the Eighth Amendment.

In addition, Plaintiff relies heavily on a judgment by the State of Hawaii's Circuit Court of the First Circuit in *Rodenhurst v. State of Hawaii, et al.*, Civil No. 04-0724-04 (VSM).  The state court concluded that, in 2002, medical unit personnel at the Oahu Community Correctional Facility were negligent when they caused Plaintiff to go without timely and sufficient medical treatment.  Negligence, however, does not

---

[2] Plaintiff states that he is no longer receiving a low-fat diet as prescribed by his physician's to treat chronic pancreatitis.  Despite Plaintiff's contention that he must follow a low-fat diet, Plaintiff's prison commissary purchases over the last month have included 2 pints of ice cream, 40 candy bars, 3 bags of pork skins, 2 containers of Spam, 2 pouches of corned beef, 2 containers of Vienna sausage, 18 containers of mackerel packed in oil, 8 packages of Nutty Bars, 3 packages of cookies, 54 packages of ramen noodles, 4 containers of soy sauce, and 2 containers of mayonnaise.

state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle*, 429 U.S. at 106. Thus, to the extent Plaintiff's claims arise from the allegedly negligent acts of any Defendant, Plaintiff fails to state a claim under the Eighth Amendment.

As it appears that Plaintiff's Complaint fails to establish an Eighth Amendment violation, Plaintiff is **HEREBY ORDERED** to show cause, **in writing**, by **January 28, 2009**, why this action should not be dismissed for failure to state a claim. Plaintiff is notified that failure to respond to this Order may result in **automatic dismissal** of this action with prejudice.

Plaintiff is further notified that dismissal of this action for failure to state a claim will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A hearing on this matter is scheduled for **Tuesday, February 3, 2009, at 9:00 a.m.**, before the Honorable Susan Oki

Mollway.  Plaintiff may participate via telephone. The hearing on Plaintiff's pending motion for injunctive relief and motion to limit service is also continued to that date.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, January 8, 2009.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    United States District Judge

*Rodenhurst v. State of Hawaii, et al.*, Civ. No. 08-00396 SOM; ORDER TO SHOW CAUSE; prose attorneys\OSC\hmg\2009\Rodenhurst 08-396 SOM (OSC re dis)