IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WALTER V. RODENHURST, III, #A0137543 | ) ) ) | CIV. NO. 08-00396 SOM-LEK |
| Plaintiff, | ) ) | ORDER ADOPTING FINDINGS AND RECOMMENDATION THAT |
| vs. | ) ) | DEFENDANTS' MOTION TO TRANSFER VENUE AND STAY |
| STATE OF HAWAII, et al., | ) ) | PROCEEDINGS BE DENIED |
| Defendants. | ) ) | |
| _____ | ) | |

ORDER ADOPTING FINDINGS AND RECOMMENDATION THAT DEFENDANTS'
MOTION TO TRANSFER VENUE AND STAY PROCEEDINGS BE DENIED

I.      INTRODUCTION.

This matter is before this court on objections to Magistrate Judge Leslie E. Kobayashi's Findings and Recommendation ("F&R") of January 5, 2009.  The F&R recommendS that this court deny the motion by Defendants Corrections Corporation of America, D. Swenson, Jody Bradley, Ben Griego, John Keesling, Lane Blair, Anastacio Perez, Phyllis Hansen, Dianne Pierson, Diane Duffy, Patricia Sells, Dr. Muhammed Haleem, and Todd Thomas (collectively, "Defendants") to transfer venue and stay this action.  Defendants object to the finding that venue is proper in Hawaii and the recommendation that a transfer be denied.  They do not challenge the recommendation that the case be stayed.  For the following reasons, this court adopts the F&R.

II.     STANDARD OF REVIEW.

The court reviews de novo those portions of the F&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendation made by the Magistrate Judge.  The court may also receive further evidence on the matter or recommit it to the Magistrate Judge with instructions.  The court may accept those portions of the Magistrate Judge's findings and recommendations that are not objected to if it is satisfied that there is no clear error on the face of the record.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rules 72.5 and 74.2; Abordo v. State of Hawaii, 902 F. Supp. 1220 (D. Haw. 1995); see also Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974).

III.    ANALYSIS.

    A.  Venue is Proper in Hawaii.

Defendants assert that venue is improper in Hawaii.  Venue is governed by 28 U.S.C. § 1391, which provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

2

In this case, jurisdiction is not premised on diversity of citizenship. Defendants are citizens of Hawaii, Oklahoma, and Arizona. Rodenhurst is a State of Hawaii prisoner incarcerated at Saguaro Correctional Center ("SCC") in Eloy, Arizona, a facility operated by Defendant Corrections Corporation of America ("CCA"). The State of Hawaii places some of its prisoners in out-of-state CCA facilities pursuant to contract. Rodenhurst alleges insufficient medical treatment by the corrections officers in Hawaii, Oklahoma, and Arizona while he was incarcerated in those states. Venue is therefore determined by subsection 28 U.S.C. § 1391(b)(2), as Defendants do not all reside in the same state, and there are multiple districts in which the action may be brought. Venue is proper where a substantial part of the events giving rise to the claim occurred.

"Substantiality is measured by considering the nexus between the events and the nature of the claims; [that is,] 'significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." Lee v. Corr. Corp. of Am., 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007). Rodenhurst alleges a pattern of mistreatment during his incarceration, a significant portion of which took place in Hawaii. Hawaii is thus a proper forum for his suit.

Defendants maintain that the claims against the Hawaii Defendants are barred by the statute of limitations. They insist

3

that the Hawaii claims may not therefore form the basis for a determination of venue.[1]

Defendants have not moved to bar Rodenhurst's claims based on a statute of limitations defense, however. The Ninth Circuit has observed that, "it is well-settled that statutes of limitations are affirmative defenses, not pleading requirements." Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir. 2003). A statute of limitations defense may be raised in a motion for dismissal (if there are no disputed issues of fact) or a summary judgment motion. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). As Defendants do not raise this defense in a motion for

---

[1] The Ninth Circuit calculates the statute of limitations for § 1983 claims as follows:

> "Congress did not establish a specific statute of limitation governing section 1983 actions. . . . federal courts have "borrowed" the state law of limitations governing analogous causes of action. The appropriate state statute of limitation for section 1983 actions is that for personal injury cases. The closely related questions of tolling and application also are governed by state law."

Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991)(citations omitted).

The governing statute of limitations in this case is borrowed from Hawaii personal injury cases. If transfer were granted in this case, the Hawaii statute of limitations would continue to apply. "When a case is transferred under section 1404(a), the transferee court must apply the choice of law rules that prevailed in the transferor court." Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984)(citing Ferens v. John Deere Co., 494 U.S. 516, 523 (1990)). A transfer of venue would have no impact on whether these claims are time-barred, and consideration of a transfer does not turn on the statute of limitations.

dismissal or for summary judgment, this court considers the claims asserted against the Hawaii Defendants as still pending.

Defendants further raise the doctrine of res judicata, arguing that the Hawaii claims are barred in light of prior litigation in the state court. Yet, they do not move for summary judgment on this basis. Again, the claims asserted against the Hawaii Defendants are still pending, and they are properly considered by this court in determining venue.

Defendants direct this court's attention to <u>Grandinetti v. Bauman</u>, No. 07-00089, 2007 U.S. Dist. LEXIS 14139 (D. Haw. Feb. 28, 2007), in which a Hawaii prisoner alleged insufficient medical care during his incarceration in Mississippi. In <u>Grandinetti</u>, venue was declared improper in Hawaii after the Hawaii defendants were dismissed. The remaining defendants were residents of Mississippi, and all of the alleged mistreatment took place in Mississippi. At present, Defendants point only to the possibility of dismissal, and this court declines to base a venue determination on such a possibility.

   B. <u>Transfer is Not Warranted by the Interests of Justice.</u>

Defendants alternatively request that, if venue in Hawaii is found to be proper, the case be transferred pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

5

A district court has the discretion to adjudicate motions for transfer under § 1404(a) by an "individualized, case-by-case consideration of convenience and fairness."  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

The Ninth Circuit has laid out the following case-specific factors for consideration in determining whether to grant a motion to transfer venue:

> (1) the location where relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-499 (9th Cir. 2000).

Defendants have not argued, with respect to the claims against Hawaii Defendants, that any of the above factors weighs in favor of transfer.  Defendants appear to concede that the parties' contacts, as well as the governing law and Rodenhurst's choice of forum, all counsel this court to proceed with litigation in Hawaii.

The Ninth Circuit also directs this court to consider private and public interest factors affecting the convenience of the forum.  Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

> The private interest factors are as follows:
>
> (1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining attendance of willing witnesses; (3) possibility of viewing subject premises; (4) all other factors that render trial of the case expeditious and inexpensive.

<u>Creative Technology v. Aztech Sys. PTE</u>, 61 F.3d 696, 703(9th Cir. 1995).

> The public interest factors are:
>
> (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action: (5) the avoidance of unnecessary problems in conflicts of law.

Id. at 703-704.

Defendants have not argued that private or public interest factors counsel against litigating the pending claims, which include claims against Hawaii Defendants, in Hawaii. They have made no showing of difficulty in expediting the litigation in Hawaii for private or public reasons. Rather, they analogize this case to <u>Jones v. Corr. Corp. of Am.</u>, No. 06-00531, 2006 U.S. Dist. LEXIS 75483 (D. Haw. Oct. 16, 2006), in which a Hawaii prisoner's claim of insufficient medical care while incarcerated in Mississippi was transferred to Mississippi. In <u>Jones</u>, the court based its determination to transfer the case on the absence of named defendants residing in Hawaii and the lack of alleged

7

misconduct in Hawaii.  At present, there are pending claims by Rodenhurst against Hawaii Defendants for alleged misconduct in Hawaii.  The motion to transfer venue is DENIED.

        C.    <u>Defendants Do Not Object to the Denial of a Stay.</u>

Defendants have not objected to Magistrate Judge Kobayashi's denial of their motion to stay the proceedings.  This court adopts the Magistrate's finding that a stay is unwarranted.

IV.    <u>CONCLUSION.</u>

Venue is proper in Hawaii, where a significant portion of the events underlying the pending claims occurred.  Defendants' arguments regarding the merits of the claims should be raised in a motion to dismiss or for summary judgment.  The F&R recommending that venue not be transferred is adopted.  With no objection to the Magistrate Judge's finding that a stay of the proceedings is unwarranted, this court also adopts the Magistrate's recommendation that a stay be denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 13, 2009.



        /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

<u>Walter V. Rodenhurst, III, v. State of Hawaii, et al.</u>; Civil No. 08-00396 SOM-LEK; ORDER ADOPTING FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTION TO TRANSFER VENUE AND STAY PROCEEDINGS BE DENIED.