IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WALTER V. RODENHURST, III, # A0137543, | ) ) ) | CIV. NO. 08-00396 SOM-LEK |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF |
| vs. | ) ) | |
| STATE OF HAWAII, et al., | ) ) | |
| Defendants. | ) ) | |

<u>**ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**</u>

Before the court is a Motion for Injunctive Relief ("Motion"), filed by Plaintiff Walter V. Rodenhurst ("Rodenhurst") on December 18, 2008. (Doc. No. 100.) Rodenhurst, a state prisoner proceeding pro se, seeks a preliminary injunction ordering Defendants to accommodate his special dietary needs while he is incarcerated. In the alternative, Rodenhurst seeks release from custody or a transfer of facility until this matter has been resolved, so that he may properly manage his diet.

A hearing on the Motion was held on April 12, 2009, before the Honorable Susan Oki Mollway.[1] Deputy Attorney General John M. Cregor, Esq., appeared on behalf of the Hawaii

---

[1] An initial hearing on the Motion was held on February 23, 2009. At the hearing, Rodenhurst stated that he did not have his legal papers in front of him. He further said that prison officials had refused to provide him with his legal materials. To resolve this issue, the court continued the hearing until March 11, 2009. On March 10, 2009, the court continued the hearing until March 12, 2009.

Defendants, and Brian A. Bilberry, Esq., appeared on behalf of the Corrections Corporation of America Defendants.  Rodenhurst participated via telephone.  For the following reasons, Rodenhurst's Motion is **DENIED**.

### BACKGROUND

On September 3, 2008, Rodenhurst, a Hawaii prisoner incarcerated at Saguaro Correctional Center ("SCC") in Eloy, Arizona, brought this prisoner civil rights action pursuant to 42 U.S.C. § 1983.[2]  He is proceeding *in forma pauperis*.  (Doc. No. 4.)

Rodenhurst names the State of Hawaii, Kay Bauman, M.D., Kenneth Zienkiewicz, Frank J. Lopez, Clayton Frank, Wesley Mun, Doris Robinson, R.D., Nolan Uehara, Eric Tanaka, Natalie Kodama, David Saldana, M.D., Carmillo Santiago, Mary Tummenillo, John Ione, Howard Komori, Burt Santiago, June Tavares, and Shari Kimoto, in their individual and official capacities, as Hawaii Defendants.  Rodenhurst also names D. Swenson, J. Bradley, B. Griego, Lee Ann Archuleta, V. Vantel, Keesling, Giang Phan, M.D., Patricia Sells, R.N., Muhammed Haleem, R.N., T. Thomas, Lane Blair, Anastacio Perez, Phyllis Hansen, R.N., Dianne Pierson,

---

[2] Although presently incarcerated at SCC in Eloy, Arizona, Rodenhurst includes in his Complaint acts or omissions that allegedly occurred while he was incarcerated at: (1) Oahu Community Correctional Center ("OCCC") in Honolulu, Hawaii; (2) Halawa Correctional Facility ("HCF") in Aiea, Hawaii; and (3) Diamondback Correctional Facility ("DCF") in Watonga, Oklahoma.

Diane Duffy, R.N., and Corrections Corporation of America
("CCA"), in their individual and official capacities, as CCA
Defendants.

The gravamen of the Complaint is that Defendants
violated Rodenhurst's Eighth Amendment rights when they failed to
provide him with adequate medical care between November 2002 and
the present, namely, a prescribed therapeutic diet. *See* Mot. at
7.  Rodenhurst also claims that CCA Defendants violated his right
to access the courts, arguing: (1) that the SCC law library
lacked sufficient legal resources; and (2) that prison officials
refused to provide him with the means to obtain local attorneys'
contact information and the American Civil Liberties Union
("ACLU") of Arizona's telephone number.  Compl. at ¶ 134.  In
addition, at the March 12 hearing, Rodenhurst complained that
prison officials have refused to provide him with his legal
documents.  He also raises state law negligence claims.  He seeks
monetary damages and injunctive relief.

As noted, Rodenhurst filed the instant Motion on
December 18, 2008.  He states that, between December 16, 2002,
and January 23, 2003, he was hospitalized at Kuakini Medical
Center in Honolulu for treatment of gallstones and pancreatitis.
Following his discharge, he was placed on a special low-fat diet
to accommodate chronic pancreatitis.  He complains that, although
prison officials initially provided the prescribed diet, he was

3

taken off the low-fat diet after he was transferred to SCC in 2007. *Id.* at 15.  He alleges that, as a result of CCA Defendants' failure to provide the prescribed diet, he has experienced pain, nausea, diarrhea, fever, the progression of diabetes, and kidney failure. *Id.* at 7.  He argues that he has suffered irreparable harm as a result of Defendants' actions.

On January 6, 2009, CCA Defendants filed a Memorandum in Opposition to Plaintiff's Motion "(Opposition"). (Doc. No. 112.)  CCA Defendants argue: (1) that prison medical staff have determined that Rodenhurst is not presently suffering from chronic pancreatitis; and (2) that a special diet is no longer medically necessary.  They also say that Rodenhurst has received regular medical care since being transferred to SCC, including diagnostic tests to monitor his condition.  CCA Defendants rely on the affidavits of Defendant Muhammed A. Haleem, M.D., one of Rodenhurst's treating physicians at SCC.

After reviewing CCA Defendants' Opposition, the court had concerns regarding whether Rodenhurst had stated a cognizable claim in his Complaint.  The court directed Rodenhurst to file a brief as to why this court should not dismiss his claim.  On January 28, 2009, he filed his "Brief and Answer to Court's Order to Show Cause." (Doc. No. 130.)  On February 12, 2009, CCA Defendants filed a Reply. (Doc. No. 148.)  Oral arguments were presented at the March 12 hearing.

4

**LEGAL STANDARD**

The standard for granting a preliminary injunction and the standard for granting a temporary restraining order ("TRO") are identical.  *See Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997).  As recently reiterated by the Supreme Court in <u>Winter v. NRDC</u>, 129 S. Ct. 365, 374 (2008), to obtain a TRO or preliminary injunction, the moving party must demonstrate "either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in [the moving party's] favor."  *Lands Council v. Martin*, 479 F.3d 636, 639 (9th Cir. 2007) (citing *Clear Channel Outdoor Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)).  "These two options represent extremes on a single continuum: 'the less certain the district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that the public interest and balance of hardships tip in their favor.'"  *Id.* (citing *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003)).

An alternative interpretation of the test requires: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the

plaintiff, and (4) advancement of the public interest (in certain cases)." *Id.* (citing *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995)).  A district court has great discretion in determining whether to grant or to deny a TRO or preliminary injunction.  *See Wildwest Institute v. Bull*, 472 F.3d 587, 589-90 (9th Cir. 2006).

In a prisoner civil rights action, these standards must also be viewed in conjunction with the requirements of the Prison Litigation Reform Act of 1995, 18 U.S.C. § 3626 ("PLRA").  *See Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (stating, "Although the PLRA significantly affects the type of prospective injunctive relief that may be awarded, it has not substantially changed the threshold findings and standards required to justify an injunction.").  The PLRA provides, in pertinent part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(a)(1)(A); *Gomez*, 255 F.3d at 1129.

**DISCUSSION**

**A.     Motion for Injunctive Relief**

CCA Defendants argue that Rodenhurst has demonstrated neither a likelihood of success on the merits nor irreparable injury if relief is not granted.  This court agrees.

**1.     Rodenhurst Has Not Shown A Likelihood of Success on The Merits.**

Rodenhurst complains that Defendants violated his Eighth Amendment rights when they failed to provide him with adequate medical care between November 2002 and the present.  A public entity violates the Eighth Amendment if it fails to address the medical needs of incarcerated individuals.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*).  "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment."  *Estelle*, 429 U.S. at 102.[3]  "A medical need is serious if the failure to treat the prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  *Dickey v. Vargo*, 2004 WL 825624, at

---

[3] For purposes of the Eighth Amendment, serious medical needs include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."  *Lopez*, 203 F.3d at 1131.

*2 (D. Or. Feb. 27, 2004) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (further citations omitted)).   However,

> a complaint that a physician has been
> negligent in diagnosing or treating a medical
> condition does not state a valid claim of
> medical mistreatment under the Eighth
> Amendment.   Medical malpractice does not
> become a constitutional violation merely
> because the victim is a prisoner.   In order
> to state a cognizable claim, a prisoner must
> allege acts or omissions sufficiently harmful
> to evidence deliberate indifference to
> serious medical needs.   It is only such
> indifference that can offend "evolving
> standards of decency" in violation of the
> Eighth Amendment.

*Estelle*, 429 U.S. at 106; *accord Lopez*, 203 F.3d at 1131.

In deciding whether there has been deliberate indifference to Rodenhurst's serious medical needs, this court is not required to defer to the judgment of prison doctors or administrators.   *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989); *Nelson v. Locke*, 2005 WL 1030207, *6 (E.D. Wash. May 2, 2005).   The Ninth Circuit, however, has recognized that a "difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. State of Or., State Welfare Division*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Rodenhurst's Complaint provides a lengthy factual description of the medical treatment he received between 2002 and the present.  His regular medical attention at each prison facility includes surgical procedures, diagnostic tests, and referrals to outside specialists.  Indeed, at SCC, prison medical staff have examined him nearly every week since his arrival in 2007.  *See* Affidavit of Muhammed A. Haleem, M.D., at App. B.  In addition, before discontinuing his special diet, SCC medical staff considered the following factors: (1) documentation from Defendant Bauman indicating that Rodenhurst's pancreas was functioning sufficiently and that she believed he did not require a special diet; (2) an abdominal CT scan on February 9, 2009, that revealed a normal pancreas; (2) a CT scan on January 23, 2008, that was negative for pancreatitis; (3) test results on February 29, 2008, that reported normal enzyme levels, indicating that Rodenhurst does not have chronic pancreatitis.  *See* Sec. Aff. of Muhammed A. Haleem, M.D. ("Sec. Haleem Aff.") at 5-8. Presently, Rodenhurst continues to receive treatment, including medical tests and prescription medication, to monitor his condition.  *Id.* at 13-16.  More importantly, at the March 12 hearing, he said that he is again receiving a low-fat diet. He argued, however, that the diet is insufficient and fails to conform to the original prescription.

Despite the obvious level of medical attention Rodenhurst has received while incarcerated, his treatment has not conformed to what he believes he should receive, namely a strict low-fat diet.  His mere difference of opinion with prison medical authorities regarding his treatment is, however, insufficient to state a claim under the Eighth Amendment.

In addition, Rodenhurst appears to be relying heavily on a judgment by the State of Hawaii's Circuit Court of the First Circuit in *Rodenhurst v. State of Hawaii, et al.*, Civil No. 04-0724-04 (VSM).  The state court concluded that, in 2002, medical unit personnel at the Oahu Community Correctional Facility were negligent when they caused him to go without timely and sufficient medical treatment.  Negligence, however, does not state a valid claim of medical mistreatment under the Eighth Amendment.  *Estelle*, 429 U.S. at 106.

Accordingly, Rodenhurst has not shown a likelihood of success on the merits of his Eighth Amendment claim.

### 2.    Rodenhurst Has Not Established The Possibility of Irreparable Injury.

Rodenhurst argues that CCA Defendants' failure to provide him with the prescribed low-fat diet has resulted in the progression of his diseases and acute ailments, and that he will suffer irreparable injury if relief is not granted.  However, he does not meet his burden of showing this.

10

Between April 2006, when Rodenhurst was transferred to the control of CCA, and August 2007, when he was transferred from DCF to SCC, he received a low-fat diet as prescribed following his pancreatic surgery.  In September 2007, however, his then-treating physician at SCC, Gaing Phan, M.D., concluded that he did not have pancreatic insufficiency and discontinued the diet. Since that time, his pancreatic condition has not worsened. Nothing in the medical records suggests that Rodenhurst has suffered a subsequent pancreatic attack.  In fact, throughout most of 2008, he denied any abdominal pain, discomfort or ailments.  *See* Sec. Haleem Aff. at 10-11.  Even if there were evidence that Rodenhurst's condition has worsened since being taken off the low-fat diet, he admits that he is again receiving a low-fat diet.

Even if Rodenhurst's health has generally deteriorated since his incarceration began, Rodenhurst presents no evidence linking the prison's failure to provide him with a low-fat diet to that deterioration.  In fact, the record suggests that he may be contributing to any health problem he is presently suffering from.  Despite his contention that he must follow a low-fat diet, his prison commissary purchases over the last two months have included 2 pints of ice cream, 40 candy bars, 3 bags of pork skins, 2 containers of Spam, 2 pouches of corned beef, 2 containers of Vienna sausage, 18 containers of mackerel packed in

11

oil, 8 packages of Nutty Bars, 3 packages of cookies, 54 packages
of ramen noodles, 4 containers of soy sauce, and 2 containers of
mayonnaise.  *See* Defs. Opp. at 10.  While it is not clear that
Rodenhurst himself consumed these foods, as opposed to buying
them for other people or trading them for other goods, they
appear inconsistent with a restricted diet.

Rodenhurst has not established the possibility of
irreparable injury to him if injunctive relief is not granted.
As he has shown neither a likelihood of success on the merits nor
the threat of irreparable injury, the Motion is **DENIED**.

**B.    Order to Show Cause**

On January 8, 2009, the court issued an Order to Show
Cause ("OSC") why this action should not be dismissed for failure
to state a claim.  (Doc. Nos. 116 & 117)  The court opined that
it appeared that the Complaint failed to establish an Eighth
Amendment violation.  The OSC did not, however, detail any
problem with Rodenhurst's right of access to the courts claim.
Thus, in his response to the OSC, Rodenhurst did not address the
merits of his claim that he has been denied access to the courts.
The court invites Defendants to file a motion for summary
judgment addressing that and any other claim.  In light of this
invitation, the count declines to make a dispositive

determination as to the merits of even the Eighth Amendment claim at this time.[4]

The court does, however, repeat its concern about the viability of the Eighth Amendment claim.  While this court has jurisdiction over this action pursuant to 42 U.S.C. § 1983, Rodenhurst is notified that, if his federal claims do not survive dispositive motions, the court will have the discretion to decline supplemental jurisdiction over his state law claims.

### CONCLUSION

For the foregoing reasons, the Motion for Injunctive Relief is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 20, 2009.



          /s/ Susan Oki Mollway
         Susan Oki Mollway
         United States District Judge

_____

[4] Regardless of the merit of Rodenhurst's claim, the court sees no harm in providing him with the ACLU of Arizona's contact information.  He may contact the ACLU of Arizona at
          ACLU of Arizona
          Attn: Intake Screening
          P.O. Box 17148
          Phoenix, AZ 85011-0148

*Rodenhurst v. State of Hawaii, et al.*, Civ. No. 08-00396 SOM-LEK; ORDER DENYING MOTION FOR INJUNCTIVE RELIEF; prose attorneys\Orders\hmg\2009\Rodenhurst 08-00396 SOM (dny mot inj rel)