**WO**                                                                                              KM

**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Walter V. Rodenhurst, III, | No. CV 10-1237-PHX-GMS (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Kay Bauman, et al., | |
| Defendants. | |

## I. Background

On September 3, 2008, Plaintiff Walter V. Rodenhurst, III, who is confined in the Corrections Corporation of America-Saguaro Correctional Center, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis* in the United States District Court for the District of Hawaii. On September 11, 2008, the Hawaii District Court granted Plaintiff *in forma pauperis* status and ordered service of the Complaint (Doc. #4).

By Order filed July 30, 2009, the Hawaii District Court dismissed the State of Hawaii and all damage claims against the state Defendants who were named in their official capacities (Doc. #229). On January 28, 2010, the remaining state Defendants filed a Motion to Dismiss (Doc. #289). On February 16, 2010, the Corrections Corporation of America ("CCA") Defendants filed a Motion for Summary Judgment (Doc. #295).

**TERMPSREF**

In an April 29, 2010 Order, the Hawaii Court held as follows:

    1.    Judgment on the pleadings is entered in favor of all State Defendants, with the exception of Defendant Kay Bauman, M.D., in their individual capacities.

    2.    With respect to Defendant Bauman in her individual capacity, only claims arising after September 3, 2006, remain.

    3.    Claims for prospective injunctive relief against State Defendants in their official capacities for alleged acts or omissions that occurred while Rodenhurst was incarcerated at OCCC or HCF (prior to his transfer in April 2006) are MOOT.

    4.    Claims for prospective injunctive relief against State Defendants in their official capacities for their alleged lack of oversight over Hawaii's inmates, pursuant to the agreement between CCA and the State, and relating to Rodenhurst's ongoing incarceration remain.

    5.    Claims against CCA Defendants remain for future adjudication.

    6.    The Clerk of Court is DIRECTED TO TRANSFER this action to the United States district Court for the District of Arizona.

    7.    The Parties are directed to contact the Clerk of that Court in connection with pending matters, including briefing deadlines and a hearing schedule relating to CCA Defendants' pending summary judgment motion. Unless otherwise directed by the District of Arizona, the parties should meet existing deadlines.

(Doc. #316).

This action was transferred to the United States District Court for the District of Arizona on June 11, 2010.

**II.**     **Pending Motion for Summary Judgment and <u>Rand</u> Warning**

On May 11, 2010, Plaintiff filed his Opposition to the CCA Defendants' Motion for Summary Judgment (Doc. #318). The CCA Defendants filed a reply on May 18, 2010 (Doc. 319).

The Court is responsible for making a *pro se* prisoner "aware of the requirements and consequences" of a motion for summary judgment. <u>Rand v. Rowland</u>, 154 F.3d 952, 960 (9th Cir. 1998). In particular, a prisoner must be "'informed of his or her right to file counter-affidavits or other responsive evidentiary materials and be alerted to the fact that failure to do so might result in the entry of . . . judgment against the prisoner.'" <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1114 n.6 (9th Cir. 2003). A prisoner should be notified that if he

"fails to controvert the moving party with opposing counter-affidavits or other evidence, the moving party's evidence might be taken as the truth, and final judgment may be entered against the prisoner." Id.

Because it is unclear whether Plaintiff received a Rand warning prior to filing his response to Defendants' Motion for Summary Judgment, the Court will provide Plaintiff with the following Rand warning and will give Plaintiff additional time to file a supplemental response, if he so chooses.

**III.    Rand Warning**

### NOTICE--WARNING TO PLAINTIFF

*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT*

The Defendants' Motion for Summary Judgment seeks to have your case dismissed. A motion for summary judgment under Federal Rule of Civil Procedure 56 will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Local Rule of Civil Procedure 56.1(b) also requires that you include with your response to the Motion for Summary Judgment a separate statement of facts in opposition to the Motion for Summary Judgment. Your separate statement of facts must include

numbered paragraphs corresponding to the Defendants' ("moving party's") separate statement of facts:

> Any party opposing a motion for summary judgment shall file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position [for example, affidavit, deposition, discovery response, etc.] if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact shall be set forth in a separately numbered paragraph and shall refer to a specific admissible portion of the record where the fact finds support. Each numbered paragraph of the statement of facts set forth in the moving party's separate statement of facts shall, unless otherwise ordered, be deemed admitted for purposes of the motion for summary judgment if not specifically controverted by a correspondingly numbered paragraph in the opposing party's separate statement of facts.

LRCiv 56.1(b). You must also cite to the specific paragraph in your statement of facts that supports any factual claims you make in your memorandum of law:

> Memoranda of law filed in support of or in opposition to a motion for summary judgment, including reply memoranda, shall include citations to the specific paragraph in the statement of facts that supports factual assertions made in the memoranda.

LRCiv 56.1(e).

Additionally, Rule 7.2(e) of the Local Rules of Civil Procedure provides:

> Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, each shall not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts. Unless otherwise permitted by the Court, a reply including its supporting memorandum shall not exceed eleven (11) pages, exclusive of attachments.

LRCiv 7.2(e). Finally, Rule 7.2(i) of the Local Rules of Civil Procedure provides:

> If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

1  LRCiv 7.2(i).

2  You must timely respond to all motions. The Court may, in its discretion, treat your
3  failure to respond to Defendants' Motion for Summary Judgment as a consent to the granting
4  of that motion without further notice, and judgment may be entered dismissing this action
5  with prejudice pursuant to Local Rule of Civil Procedure 7.2(i). See Brydges v. Lewis, 18
6  F.3d 651 (9th Cir. 1994) (*per curiam*).

7  The Court will give Plaintiff 30 days from the filing date of this Order to file
8  supplemental briefing in response to the Motion for Summary Judgment. Plaintiff is *not*
9  *required* to file supplemental briefing. If Plaintiff does not file supplemental briefing, the
10 Court will consider the Motion for Summary Judgment, Plaintiff's Response, and
11 Defendants' Reply as filed. If Plaintiff chooses to file supplemental briefing, Defendants
12 may file a supplemental reply within 15 days after service of the Plaintiff's supplemental
13 brief.

14 The Court will refer all non-dispostive matters in this action to Magistrate Judge
15 Michelle H. Burns for further proceedings.

16 **IV.  Warnings**

17 **A.  Release**

18 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
19 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
20 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
21 in dismissal of this action.

22 **B.  Address Changes**

23 Plaintiff must file and serve a notice of a change of address in accordance with Rule
24 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
25 relief with a notice of change of address. Failure to comply may result in dismissal of this
26 action.

27
28

C. **Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

D. **Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff has **30 days** from the filing date of this Order to file a supplemental brief in response the CCA Defendants' Motion for Summary Judgment.

(2) If Plaintiff files a supplemental brief, Defendants may file a supplemental reply within **15 days** after service of Plaintiff's supplemental brief.

(3) With the exception of the pending Motion for Summary Judgment, this matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 22nd day of June, 2010.

_G. Murray Snow_
United States District Judge