WO JDN

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Walter V. Rodenhurst, III, | ) | No. CV 10-1237-PHX-GMS (MHB) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| State of Hawaii, et al., | ) | |
| Defendants | ) | |

Plaintiff Walter V. Rodenhurst III brought this civil rights action under 42 U.S.C. § 1983 against multiple State of Hawaii Defendants (State Defendants), Corrections Corporation of America (CCA), and various CCA employees (Doc. 1). On April 29, 2010, the District Court for the District of Hawaii entered an Order granting in part and denying in part the State Defendants' Motion to Dismiss and transferring the case to the District of Arizona (Doc. 316). Plaintiff moved for reconsideration of that Order (Doc. 320). The Hawaii District Court denied the Motion for Reconsideration (Doc. 322). Before the Court is Plaintiff's Request for Clarification of the Order denying reconsideration (Doc. 329).[1]

The Court will deny Plaintiff's Request for Clarification.

**I.  Background**

Plaintiff's claims arose between 2002 through 2008 during his confinement at two state facilities and two CCA facilities: (1) the Oahu Community Correctional Center; (2) the

---

[1] Also before the Court is CCA Defendants' Motion for Summary Judgment (Doc. 295), which will be addressed in a separate order.

Halawa Correctional Facility, also on Oahu; (3) CCA's Diamondback Correctional Facility in Watonga, Oklahoma; and (4) CCA's Saguaro Correctional Center in Eloy, Arizona (Doc. 1 ¶¶ 34, 57, 88, 111). Plaintiff alleged that Defendants violated his Eighth Amendment rights when they failed to provide him with adequate medical care (see Doc. 1). He also alleged state-law violations (id.).

The State Defendants moved for dismissal on the ground that Plaintiff's claims against them were time-barred (Doc. 289). The Court granted the motion in part and dismissed all claims against the State Defendants (except for one physician Defendant) in their individual capacity and dismissed all claims for prospective injunctive relief as moot (Doc. 316). The Order identified the remaining claims as follows: (1) the individual-capacity claim against Kay Bauman, M.D.; (2) the claims for prospective injunctive relief against State Defendants in their official capacity for their alleged lack of oversight over Hawaii's inmates pursuant to a CCA-State of Hawaii contract, as it relates to Plaintiff's ongoing incarceration; and (3) the claims against the CCA Defendants (id.).

Plaintiff's Motion for Reconsideration rested on his claim that the Court made a manifest error in law or fact (Doc. 320). The Court found that Plaintiff's motion was untimely because it was filed eleven days after the deadline for filing such a motion (Doc. 322 at 2). The Court nonetheless addressed the merits of Plaintiff's motion and determined that he presented no grounds for reconsideration; his motion was therefore denied (id. at 3-5).

On June 11, 2010, a few days after the Motion for Reconsideration was ruled on, the case was transferred to the District of Arizona and assigned to the undersigned (Docs. 323-325).

On July 29, 2010, Plaintiff submitted his pending Request for Clarification (Doc. 329).

## II. Plaintiff's Request for Clarification

In his motion, Plaintiff inquires as to whether he may file an interlocutory appeal of the Order dismissing claims against the State Defendants (id.). In addition, he responds to the Court's finding that his Motion for Reconsideration was untimely and asserts that

- 2 -

1 Defendants interfered with the prison-facility mail and prevented a timely response (id. at 1).
2 Plaintiff reasserts his arguments against transfer to the District of Arizona, and he reargues
3 that his medical-care claim constitutes an ongoing violation that is not barred by the statute
4 of limitations (id. at 2-3). Finally, he maintains that the State Defendants continue to have
5 a nexus with CCA Defendants and therefore should not be dismissed (id. at 3).

6 The Court did not direct Defendants to respond to the motion. See LRCiv 7.2(g)(2)
7 (no response to a motion for reconsideration may be filed unless ordered by the Court).

**III. Analysis**

9 Plaintiff's Request for Clarification is construed as a request for an interlocutory
10 appeal under 28 U.S.C. § 1292(b). An interlocutory appeal requires certification from the
11 district court that (1) there is a controlling question of law, (2) there are substantial grounds
12 for difference of opinion, and (3) an immediate appeal may materially advance the litigation.
13 In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982). "A motion for
14 certification must be granted sparingly, and the movant bears the heavy burden of
15 demonstrating that the case is an exceptional one in which immediate appeal is warranted."
16 White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994). Plaintiff does not identify any controlling
17 question of law nor does he present any grounds for difference of opinion or that an appeal
18 will advance the litigation. Moreover, the Court finds that an appeal would likely increase
19 the chance of delay in this matter.

20 To the extent that Plaintiff's Request for Clarification may be construed as another
21 motion for reconsideration, his arguments have already been addressed and he presents no
22 basis for reconsideration. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5
23 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration only appropriate if the district court "(1)
24 is presented with newly discovered evidence, (2) committed clear error or the initial decision
25 was manifestly unjust, or (3) if there is an intervening change in controlling law"); Leong v.
26 Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D.Haw. 1988) (disagreement with a previous
27 order is an insufficient basis for reconsideration). Plaintiff's contention that the Court erred
28 in finding that his Motion for Reconsideration was untimely is of no moment because the

Court addressed and ruled on the merits of the motion.

For these reasons, Plaintiff's Request for Clarification will be denied.

**IT IS ORDERED that** the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Request for Clarification (Doc. 329), and the motion is **denied**.

DATED this 25th day of August, 2010.

*G. Murray Snow*
G. Murray Snow
United States District Judge